1  Jason G. Gong (SBN 181298)
   LAW OFFICE OF JASON G. GONG
2  *A Professional Corporation*
   2121 N. California Boulevard, Suite 290
3  Walnut Creek, CA  94596
   Telephone:  (925) 735-3800
4  Email: jgong@gonglawfirm.com

5  Attorney for Plaintiff
   BEHRUZ BONSHAHI, an individual
6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  BEHRUZ BONSHAHI, an individual,     )     Case No.
                                        )
12                Plaintiff,            )
                                        )     **COMMPLAINT FOR INJUNCTIVE**
13        vs.                           )     **RELIEF AND DAMAGES:** DENIAL OF
                                        )     CIVIL RIGHTS AND FULL AND
14  OAK PARK PROPERTY LLC, and DOES     )     EQUAL ACCESS TO PUBLIC
    1 through 10, inclusive,            )     ACCOMMODATIONS TO PERSON
15                                      )     WITH PHYSICAL DISABILITY IN
                  Defendants.           )     VIOLATION OF THE AMERICANS
16                                      )     WITH DISABILITIES ACT OF 1990
                                        )     (42 U.S.C. §§ 12101 *et seq.*), AND
17                                      )     CALIFORNIA DISABLED RIGHTS
                                        )     STATUTES (CIVIL CODE §§ 51, 52, 54,
18                                      )     54.1, 54.3; HEALTH & SAFETY CODE
                                        )     §§ 19955 *et seq.*)
19                                      )
20  _____)

21        Plaintiff BEHRUZ BONSHAHI ("plaintiff"), an individual, complains of defendant OAK

22  PARK PROPERTY, LLC, ("Defendant"), as the owner and operator of the Oak Park Shopping

23  Center located at 1918-1938 Oak Park Blvd., Pleasant Hill, California, 94523, and DOES 1

24  through 10, inclusive, and alleges as follows:

25                          **INTRODUCTION**

26        1.      This is a civil rights action for unlawful discrimination based on defendant's

27  failure to design, construct, and maintain a facility and its accommodations to make them readily

28  accessible to, and usable by, individuals with disabilities when it was structurally practicable and

---

*Bonshahi v. Oak Park Property LLC, et al.,* Case No.
Complaint for Injunctive and Monetary Relief
                                        1

1   readily achievable to do so.

2        2.    The Oak Park Shopping Center ("Center") is a place of public accommodation

3   located at 1918-1938 Oak Park Blvd. in the city of Pleasant Hill.  The facility lacks accessible

4   public accommodations that has denied plaintiff and other similarly situated individuals with

5   physical disabilities from attaining full and equal access to the accommodations, facilities, goods,

6   services, and opportunities that defendant provides to nondisabled members of the public.

7        3.    Plaintiff is a person with a physical disability who requires the use of a wheelchair

8   for mobility.  Plaintiff has been denied full and equal access to the accommodations and services

9   offered at defendant's facility.  Plaintiff has visited defendant's facility a number of times as an

10  invitee, guest, patron, and customer and personally experienced actionable discrimination that

11  violated his civil rights under federal and state laws.

12       4.    Defendant violated plaintiff's civil rights under Federal and California laws by

13  failing to design, construct, and provide accessible accommodations at its facility.  Plaintiff

14  personally encountered barriers to full and equal access that caused him physical difficulty,

15  discomfort, and embarrassment while attempting to access accommodations at defendant's

16  facility.  Thus, plaintiff seeks injunctive relief against defendant pursuant to Title III of the

17  Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq.*, and monetary relief

18  under the California Unruh Civil Rights Act, Cal. Civ. Code Sections 51, 52, and the California

19  Disabled Persons Act, Cal. Civ. Code Sections 54, 54.1, and 54.3, *et seq.*

20                              **JURISDICTION AND VENUE**

21       5.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section

22  1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et*

23  *seq.* ("ADA").  Pursuant to 28 U.S.C. Section 1367, the Court also has supplemental jurisdiction

24  over related causes of action under California law arising from the same operative facts and

25  transactions.  These related claims include violations of Cal. Civ. Code Sections 51, 52, 54 and

26  54.3, Cal. Gov't  Code Section 4450, *et seq.*, Cal. Health & Safety Code Sections 19955-19959,

27  and Title 24 of the California Code of Regulations.

28       6.    Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) and is

---

*Bonshahi v. Oak Park Property LLC, et al.,* Case No.
Complaint for Injunctive and Monetary Relief

founded on the fact that the real property, which is the subject of this action where plaintiff's causes of action arose, is located within this judicial district in the city of Pleasant Hill, California and within the County of Contra Costa.

7.    <u>Intra-district Assignment</u>.   This matter should be assigned to the San Francisco and Oakland Division of the Court under Civil Local Rule 3-2(c) and (d), because the real property where the causes of action arose is located within Contra Costa County.

## **PARTIES**

8.    Plaintiff requires the use of a wheelchair for mobility and for traveling about in public places.  Accordingly, plaintiff is an "individual with a disability" as defined by Federal and California anti-discrimination laws enacted to ensure that individuals with disabilities are afforded full and equal access when visiting and accessing public accommodations to enjoy, participate in, experience, and benefit from, accommodations, and goods and services offered to members of the general public who are nondisabled.

9.    Plaintiff has visited defendant's facility a number of times as an invitee, guest, patron, and customer and was denied the right to access available services and accommodations in a full and equal manner due to architectural barriers that plaintiff personally encountered.

10.    Plaintiff is informed, believes, and alleges that defendant owns and operates, and was at all relevant times acting and performing, or failing to act or perform within its authority as the owner and operator of the Center to ensure that the accommodations, goods, services, and opportunities were accessible to plaintiff and other members of the public who have physical disabilities.  Defendant's failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of herein.

11.    Defendant's facility and accommodations are open to the general public to visit and to patronize and therefore is a "public accommodation" or "public facility" subject to the requirements of the ADA and California Civil Code Sections 51, 52, 54, 54.1, and 54.3, *et seq.*, California Health and Safety Code Section 19955, *et seq.*, and California Government Code Section 4450, *et seq.*

12.    At all times relevant to this Complaint, defendant has been and is responsible for

1    ensuring that its facility and public accommodations are free of architectural barriers that prevent

2    full and equal access to accommodations for persons with disabilities as provided by Code of

3    Federal Regulations, Title 28, Chapter I, Part 36, Subpart B, Section 36.201, and that its goods,

4    services, and opportunities are fully and equally available to persons with disabilities.

5    Specifically, Section 36.201 provides:

6    **§ 36.201    General.**

7    (**a) Prohibition of discrimination.**  No individual shall be discriminated
     against on the basis of disability in the full and equal enjoyment of the
8    goods, services, facilities, privileges, advantages, or accommodations of
     any place of public accommodation by any private entity who owns, leases
9    (or leases to), or operates a place of public accommodation.

10   *See* 28 C.F.R. §36.201(a).

11   **FACTUAL ALLEGATIONS**

12   13.    As a resident of the community, plaintiff has visited the Center many times over

13   the years as a customer to patronize various stores and restaurants at defendant's facility.  The

14   Center is located at 1918-1938 Oak Park Blvd., Pleasant Hill, California, 94523.  Its public

15   accommodations consist of, among other things, entrance point from the public sidewalk, paths of

16   travel in the parking lot and common walkways, designated accessible parking spaces, access aisles,

17   signage, curb ramps, storefront entrances and thresholds, and other accommodations offered and

18   available to nondisabled members of the public.  All of these accommodations are subject to the

19   design, construction, and barrier removal requirements under Title III of the ADA, the ADA

20   Accessibility Guidelines ("ADAAG"), and California statutory requirements for providing and

21   maintaining barrier free accommodations under Government Code Section 4450, *et seq.*, Civil

22   Code Sections 51, 52, 54, 54.1, and 54.3, and Health & Safety Code Section 19955, *et seq*.

23   14.    Plaintiff is informed, believes, and alleges that defendant failed to design and

24   construct a facility that was readily accessible to, and usable by, individuals with disabilities

25   when it was structurally practicable to do so.  Plaintiff also alleges in the alternative, that

26   defendant failed to remove access barriers at the Center when it was readily achievable to do so.

27   Thus, defendant has violated the ADA by failing to provide and ensure full and equal access to

28   its public facilities and accommodations for plaintiff and similarly situated individuals.

---

15.     Defendant's failure to provide accessible accommodations for plaintiff and similarly situated individuals also violates accessibility standards under Title 24 of the California Code of Regulations, which is known as the California Building Standards Code or more commonly as "Title 24".  Plaintiff alleges on information and belief that the aforementioned accommodations at the Center have been altered, modified, and/or repaired since its original construction, which in turn, subjects the accommodations in question to the access requirements under California Health and Safety Code Sections 19955-19959 as well as the access requirements of Title 24.

16.     On May 14, 2024, plaintiff and his wife visited the Center to patronize one of the stores in defendant's facility.  Plaintiff parked in a designated ADA accessible parking space and encountered excessive cross-slopes in the access aisle and path of travel after exiting his vehicle. At the store's entrance, plaintiff encountered an excessive slope upon entering and later leaving the store.  These access barriers caused plaintiff to experience physical difficulty and discomfort. After leaving, plaintiff and his wife decided to visit a store located across the street.

17.     To reach the public sidewalk, plaintiff used a path of travel that brought him to a designated accessible route in the Center that connected to the access aisle of an ADA parking space.  As plaintiff wheeled through the access aisle, he went over a detectable warning surface in the aisle and encountered excessive cross-slopes along the path of travel leading to the sidewalk.  Plaintiff encountered these barriers again when he later returned to his parking space. These access barriers caused plaintiff to experience physical difficulty and discomfort.

18.     On May 31, 2024, plaintiff and his wife visited the Center to dine at a restaurant for dinner.  Plaintiff parked at a designated ADA parking space located at the end of the Center. Upon exiting his vehicle, plaintiff encountered excessive cross-slopes in the access aisle, curb ramp, and path of travel to the restaurant.  After dinner, plaintiff encountered these access barriers once again as he returned to his parking space to leave the Center.  Plaintiff experienced physical difficulty and discomfort from his encounter with these access barriers during his visit to defendant's facility.

19.     On June 24, 2024, plaintiff and his wife returned to the Center to dine at a

restaurant for dinner.  Upon entering the Center, plaintiff was able to find a designated ADA parking space near the restaurant.  After parking and exiting his vehicle, plaintiff encountered excessive cross-slopes in the access aisle and path of travel leading from the space to the restaurant.  After dinner, plaintiff encountered these access barriers again on his way back to the parking space before leaving the Center.  Plaintiff experienced physical difficulty and discomfort from encountering these access barriers during his visit to defendant's facility.

20.    On June 21, 2025, plaintiff and his wife visited a restaurant in the Center to have dinner and drinks.  Plaintiff parked his car at a designated ADA parking space located near the restaurant.  Upon exiting his vehicle, plaintiff encountered excessive cross-slopes in the access aisle, curb ramp, and path of travel leading to the restaurant.  Plaintiff encountered these access barriers once again while returning to the parking space after dinner.  These access barriers caused plaintiff to experience physical difficulty and discomfort during his visit to the Center.

21.    On September 4, 2025, plaintiff and his wife visited a store in the Center to have coffee and parked in a designated ADA accessible parking space near the store.  After exiting his vehicle, plaintiff encountered excessive cross-slopes in the access aisle and path of travel on his way to the store.  At the store entrance, plaintiff encountered an excessive slope upon entering the business and later when he left the store.  Plaintiff encountered excessive cross-slopes in the path of travel and vehicle access aisle when he returned to his parking space after leaving the store. These access barriers caused plaintiff to experience physical difficulty and discomfort during his visit to defendant's facility.

22.    Plaintiff is informed, believes, and alleges that defendant is aware of its obligation under the ADA and California access standards and regulations to provide persons with disabilities full and equal access to services, accommodations, opportunities, and facilities that defendant offers and makes available to nondisabled persons visiting its facility.  Yet, despite this knowledge, defendant has failed to put in place accessible accommodations, facilities, policies, and procedures to ensure that the different accommodations and opportunities defendant provides to the public are fully and equally available to plaintiff and other persons with disabilities.

23.    Plaintiff seeks to compel defendant to remove all access barriers from its facilities,

as required by Federal and California access laws, regulations, and standards to provide plaintiff and other similarly situated individuals full and equal access to the accommodations, facilities, and opportunities that defendant offers and provides to nondisabled members of the public.

24.    Plaintiff is informed, believes, and alleges that defendant failed to provide full and equal access to other accommodations and services at its facility and has failed to remove other barriers that have yet to be identified.  Thus, plaintiff's legal representative requires a formal inspection of defendant's premises and an opportunity to identify and assess all other existing barriers affecting persons with disabilities who are similarly situated to plaintiff.  This inspection will enable plaintiff to determine the appropriate scope of injunctive relief required to correct all of defendant's past, present, and ongoing violations of Federal and California disability access standards, regulations, and laws.

25.    Plaintiff is informed, believes, and alleges that he and other similarly situated disabled persons will continue to be discriminated against on an ongoing basis as long as defendant continues to violate the ADA and California access laws by failing to provide full and equal access to accommodations and opportunities that it offers and provides to the public. Plaintiff has no adequate remedy at law to address recurring injury should he or other disabled persons visit defendant's facility in its current inaccessible configuration and operation.  Unless the Court grants the requested relief, plaintiff and other disabled persons will suffer and continue to suffer irreparable injury and harm from the denial of full and equal access to accommodations, facilities, opportunities, and services offered and provided by defendant to the public.

26.    Defendant's acts and omissions in owning, operating, leasing, constructing, altering, and maintaining the subject facilities denied plaintiff full and equal access to the accommodations, opportunities, and services defendant offers to the public.  Thus, plaintiff seeks an injunction from the Court requiring defendant to make its accommodations, facilities, and opportunities fully accessible to disabled persons and to take all necessary steps to ensure that the accommodations are maintained in a fully accessible condition and manner.

27.    Plaintiff is informed, believes, and alleges that at all relevant times mentioned, defendant knew, or in the exercise of reasonable diligence should have known, that the barriers at

1   its facility violated disabled access requirements and standards, and had a discriminatory impact

2   on plaintiff and other physically disabled persons.  However, defendant has failed to correct the

3   ongoing violations and continues to maintain the very policies and access barriers that unlawfully

4   discriminate against plaintiff and other persons with disabilities by precluding them from full and

5   equal access to the accommodations, facilities, and opportunities that defendant provides to

6   nondisabled persons who visit defendant's facility.

### I.    FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. Section 12101, *et seq.*)

28.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 27 of this Complaint.

29.    In 1990, the United States Congress made factual findings regarding persons with

physical disabilities and concluded that laws were needed to more fully protect:

> [S]ome 43 million Americans with one or more physical or
> mental disabilities; [that] historically society has tended
> to isolate and segregate individuals with disabilities;
> [that] such forms of discrimination against individuals
> with disabilities continue to be a serious and pervasive
> social problem; [that] the nation's proper goals regarding
> individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and
> economic self-sufficiency for such individuals; [and that] the
> continuing existence of unfair and unnecessary discrimination
> and prejudice denies people with disabilities the opportunity to
> compete on an equal basis and to pursue those opportunities
> for which our free society is justifiably famous.

*See* 42. U.S.C. Section 12101.

30.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. Section 12102) that:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination
> of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, *consistent, enforceable standards* addressing
> discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing
> the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of *discrimination faced day-to-day* by people with disabilities.

*See* 42 U.S.C. Section 12101(b) (emphasis added).

31.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." *See* Section 301 of the ADA, 42 U.S.C. Section 12181, *et seq*.

32.     Section 302 of the ADA, 42 U.S.C. Section 12182, provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33.     The specific prohibitions against discrimination set forth in Section 302(b)(2)(A) of the ADA, 42 U.S.C. Section 12182(b)(2)(A) provide that:

For purposes of subsection (a) of this section, discrimination includes -

(i)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations . . .;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities . . .;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . .;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative

1   methods if such methods are readily achievable.

2   *See* 42 U.S.C. Section 12182(b)(2)(A)(i)-(v).

3   34.   Defendant's acts and omissions set forth herein violated plaintiff's civil rights

4   under the ADA and the regulations promulgated thereunder at 28 C.F.R. Part 36, *et seq.*  In 1992,

5   the standards of the ADA were incorporated into California law, making a violation of the ADA

6   sufficient to establish a violation of California Civil Code Sections 51, 52, 54, 54.1, and 54.3,

7   thereby providing access plaintiffs with the damages remedies available under these statutes.

8   35.   Plaintiff is informed, believes, and alleges that defendant's accommodations and

9   facility were designed, constructed, and altered or renovated after January 26, 1992, thereby

10  triggering access requirements under Title III of the ADA that are specifically addressed in the

11  ADA Accessibility Guidelines ("ADAAG").  Among other things, these requirements expressly

12  prohibit the design and construction of facilities for first occupancy after January 26, 1993, that

13  are not readily accessible to, and usable by, individuals with disabilities when it was structurally

14  practicable to do so.  *See* 42 U.S.C. Section 12183(a)(1); 28 C.F.R. Section 36.401(a)(1).

15  Plaintiff is further informed and believes that defendant violated the ADA by designing and

16  constructing their facilities in a manner that made accommodations, services, and opportunities

17  not readily accessible to plaintiff and other physically disabled members of the public when it

18  was structurally practical to do so.  *See* 28 C.F.R. Sections 36.401, 36.406; 28 C.F.R. Part 36,

19  Appendices A and B.  Plaintiff is informed, believes, and further alleges that construction of a

20  readily accessible facility was also required by applicable California law at the time defendant's

21  facilities were constructed, altered, remodeled, or renovated.

22  36.   Plaintiff is informed, believes, and alleges that defendant has denied and

23  continues to deny full and equal access to plaintiff and to other persons with disabilities, which

24  amounts to unlawful discrimination against plaintiff and other similarly situated persons on the

25  basis of their disabilities in violation of the ADA.  Specifically, sections 302 and 303 of the ADA

26  mandates that disabled persons such as plaintiff are entitled to receive the full and equal

27  enjoyment of the goods, services, facilities, privileges, advantages and accommodations that are

28  offered to members of the public who are not physically disabled.  *See* 42 U.S.C. Sections 12182

and 12183; *see also* 28 C.F.R. Sections 36.101 and 36.201(a).

37.     Pursuant to Section 308 of the ADA, 42 U.S.C. Section 12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a), as plaintiff is being subjected to ongoing discrimination on the basis of his disability in violation of the ADA and/or has sufficient grounds for believing that he is about to be subjected to unlawful discrimination.  Thus, plaintiff is entitled to an injunction compelling defendant to comply with its obligations under the ADA and to provide plaintiff and other disabled persons with full and equal access to the public accommodations and services at defendant's facility that are enjoyed by nondisabled persons.  *See* 42 U.S.C. Section 12188(a)(2) (providing that "[i]n cases of violations of § 302(b)(2)(A)(iv) and § 303(a) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."); *see also* 28 C.F.R. Section 36.501(a), (b).

38.     Defendant's acts and omissions giving rise to this action have caused plaintiff to incur legal expenses and attorney's fees to enforce plaintiff's rights against defendant's unlawful discrimination and to enforce provisions of the law requiring full and equal access to public accommodations for persons with disabilities.  Thus, plaintiff seeks to recover all reasonable attorney's fees, litigation expenses (including expert fees) and costs, pursuant to Section 505 of the ADA (42 U.S.C. Section 12205) and 28 C.F.R. Section 36.505, which is the United States Department of Justice's regulations for enforcement of Title III of the ADA.  Plaintiff also seeks to compel defendant to make its facility accessible to all disabled members of the public, thereby justifying recovery of "public interest" attorney's fees pursuant to California Code of Civil Procedure Section 1021.5.

WHEREFORE, plaintiff prays that this Court grants the requested injunctive relief and award attorney's fees, litigation expenses, and costs as hereinafter stated against defendant.

## II.     SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CIVIL CODE
### SECTIONS 54, 54.1, AND 54.3, *et seq.*

39.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 38 of this Complaint.

40.     California Civil Code Section 54 provides that persons with physical disabilities are not to be discriminated against because of their physical handicap or disability.  This section provides that:

> (a)     Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and
>
> physicians' offices public facilities, and other public places.

41.     California Civil Code Section 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1)   Individuals with disabilities shall be entitled to *full and equal access*, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

*See* California Civil Code Section 54.1(a)(1) (emphasis added).

42.     California Civil Code Section 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of Section 54.1.  Specifically, Section 54.1(d) provides that:

> (d)   A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) *also constitutes a violation of this section*, and nothing in this section shall be construed to limit the access of any person in violation of that act.

*See* California Civil Code Section 54.1(d) (emphasis added).

43.     Plaintiff is a qualified person within the meaning of Civil Code Section 54.1 whose rights have been violated by defendant as prohibited by Civil Code Sections 54 and 54.1. Each of the specific architectural barrier defendant has created, maintained, and knowingly failed and/or refused to remove constitutes a separate act in violation of Sections 54 and 54.1 of the

California Civil Code.  Plaintiff has been, and continues to be, denied full and equal access to the public accommodations and services available at defendant's facilities.  Accordingly, plaintiff seeks statutory damages pursuant to California Civil Code Section 54.3(a) for each day on which he visited defendant's facility due to his knowledge, belief, and personal experiences that the accommodations and services there are inaccessible to plaintiff and to similarly situated persons.  Section 54.3(a) of the California Civil Code provides that:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

*See* California Civil Code Section 54.3(a).

44.    Plaintiff suffered violations of his rights under California Civil Code Sections 54 and 54.1 when he was denied full and equal access to the public accommodations, facilities, and services stated herein at defendant's facility.  Defendant has denied plaintiff full and equal access to the accommodations, facilities, and opportunities offered at defendant's facility, on the basis of plaintiff's status as a person with physical disabilities.

45.    As a result of defendant's acts and/or omissions which denied plaintiff full and equal access to the facilities, accommodations, and services offered at defendant's facility, defendant, in owning, operating, managing, and maintaining the subject facility, caused plaintiff to suffer multiple violations of his civil rights, including but not limited to his rights under Sections 54, 54.1 and 54.3 of the California Civil Code.

46.    Plaintiff is informed and believes that before he visited defendant's facility, defendant was aware of its legal obligations under Federal and California law requiring owners and operators of public accommodations to make their facilities readily accessible to persons with disabilities.  Yet, despite this knowledge, defendant discriminated against plaintiff on account of his physical disability and denied him full and equal access to the accommodations,

facilities, services, and opportunities that were fully available to nondisabled persons at this business in violation of Sections 54 and 54.1 of the California Civil Code.

47.    Plaintiff seeks to recover statutory damages pursuant to Section 54.3(a) of the California Civil Code against defendant for violating his civil rights as a person with a disability when he visited defendant's business.  As a result of defendant's acts and omissions in this regard, plaintiff has incurred legal expenses to enforce his civil rights and to enforce provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to California Civil Code Section 54.3, plaintiff seeks to recover his reasonable attorney's fees, legal expenses, and costs incurred in the prosecution of this matter if he is deemed to be the prevailing party.

48.    Plaintiff also seeks to recover statutory damages from defendant and to compel defendant to make its facilities and accommodations fully accessible to plaintiff and other similarly situated members of the public who have disabilities.  Thus, an injunction is appropriate under Section 55 of the California Civil Code as well as an award of public interest attorney's fees pursuant to Section 1021.5 of the California Code of Civil Procedure if plaintiff is deemed to be the prevailing party.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

### III.    THIRD CAUSE OF ACTION
### DENIAL OF FULL AND EQUAL ACCESS IN A PUBLIC FACILITY
### TO A PERSON WITH A DISABILITY IN VIOLATION OF CALIFORNIA
### DISABLED ACCESS STATUTES

49.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this Complaint.

50.    Plaintiff and other similarly situated physically disabled persons whose physical conditions require the use of a wheelchair or other mobility device are unable to use the public facilities at defendant's business in a "full and equal" basis until defendant fully brings its facilities and accommodations into compliance with provisions of California Health & Safety Code Section 19955, *et seq*.  Plaintiff is a member of the portion of the public whose rights are protected by provisions of this statute.

1    51.    Under Section 54.1 of the California Civil Code, persons with disabilities are

2    entitled to full and equal access to public accommodations.  "Public accommodations" are

3    further defined as a building, structure, facility complex, or improved area which is used by the

4    general public and shall include parking lots, paths of travel, seating, and attendant facilities.

5    52.    Defendant owns and operates its business, thereby subjecting defendant's

6    facilities to the requirements of California's Disabled Rights statutes.  California Health &

7    Safety Code Section 19955 provides in pertinent part:

8    
> The purpose of this part is to insure that public accommodations
> or facilities constructed in this state with private funds adhere to
9    the provisions of Chapter 7 (commencing with Sec. 4450) of
> Division 5 of Title 1 of the Government Code.  For the purposes
10   of this part "public accommodation or facilities" means a building,
> structure, facility, complex, or improved area which is used by the
11   general public and shall include auditoriums, hospitals, theaters,
> restaurants, hotels, motels, stadiums, and convention centers.
12   When sanitary facilities are made available for the public, clients
> or employees in such accommodations or facilities, they shall be
13   made available for the handicapped.

14   53.    California Health & Safety Code Section 19956, which appears in the same

15   chapter as Section 19955, provides in pertinent part, "accommodations constructed in this state

16   shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title

17   1 of the Government Code . . . ."  Section 19956 of the Health & Safety Code was operative as

18   of July 1, 1970, and is applicable to all  public accommodations constructed or altered after that

19   date.  Plaintiff is informed, believes, and alleges that defendant's facilities were constructed,

20   altered, or repaired after July 1, 1970.  Thus, the construction and/or modification of these

21   facilities are subject to the requirements of Part 5.5, Section 19955, *et seq.*, of the California

22   Health & Safety Code, which requires defendant to provide full and equal access to persons with

23   disabilities upon completion of such construction, alteration, structural repairs or additions under

24   Health & Safety Code Section 19959.

25   54.    Plaintiff is informed, believes, and alleges that construction, alterations, structural

26   repairs and/or additions were completed on the subject property after January 1, 1968, the

27   effective date of California Government Code Section 4450, *et seq*, and the July 1, 1970 effective

28   date of Health & Safety Code Sections 19955-19959.  Thus, defendant was required to provide

1   accessible accommodations for persons with disabilities in each regard sought in this Complaint.

2        55.    Pursuant to the authority under Government Code Section 4450, *et seq*, the State

3   Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

4   1982, Title 24 of the California Building Standards Code (formerly known as the California

5   Administrative Code) adopted the California State Architect's Regulations, which apply to any

6   construction or alterations of public accommodations occurring after the effective date.  Title 24

7   was in effect at the time of each alteration, which occurred at defendant's facility after January 1,

8   1982.  Thus, the alterations triggered defendant's duty to comply with the access standards of

9   Title 24 whenever each such "alteration, structural repair or addition" is carried out.

10       56.    Defendant's facility and accommodations are "public accommodations" or

11  "facilities" within the meaning of Health & Safety Code Section 19955, *et seq*.  Defendant

12  violated plaintiff's civil rights by denying him and similarly situated persons with disabilities

13  full and equal access to the accommodations and opportunities that defendant provides to

14  nondisabled members of the public.

15       57.    As a result of defendant's ongoing failure to provide plaintiff with full and equal

16  access to the public accommodations and related facilities at defendant's business, defendant

17  has denied plaintiff and similarly situated persons of their civil rights to full and equal access to

18  the aforementioned accommodations.  Plaintiff believes defendant will continue its unlawful

19  and discriminatory practices unless the Court compels defendant to provide accessible

20  facilities as discussed herein.

21       58.    Plaintiff has had to incur legal expenses to enforce his civil rights to receive full

22  and equal access to the public accommodations for himself and for other similarly situated

23  persons with physical disabilities.  Because plaintiff seeks to enforce an important right that also

24  affects the public interest, plaintiff is entitled to recover his reasonable attorney's fees and legal

25  costs pursuant to the provisions of California Code of Civil Procedure Section 1021.5.  Plaintiff

26  additionally seeks to recover his attorney's fees pursuant to California Civil Code Section 54.3

27  and/or in the alternative, plaintiff will seek to recover his attorney's fees, costs and legal expenses

28  pursuant to Section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000a-3(a)) if he is

1   deemed to be the prevailing party.

2       59.     Defendant's aforementioned acts have proximately caused and will continue to

3   cause irreparable injury to plaintiff if defendant is not enjoined by this Court.  Accordingly,

4   plaintiff seeks injunctive relief and an order compelling defendant to make its facility and

5   accommodations readily accessible to, and fully and equally accessible by, plaintiff and other

6   similarly situated persons with disabilities.

7       WHEREFORE, plaintiff prays for relief as hereinafter stated.

8
### IV.     FOURTH CAUSE OF ACTION
**FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS,**
9   **ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51, *ET SEQ.***
10  **(THE UNRUH CIVIL RIGHTS ACT)**

11      60.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12  the allegations contained in paragraphs 1 through 59 of this Complaint.

13      61.     Defendant's actions and omissions and failure to act as reasonable and prudent

14  owners and/or operators of a public accommodation by ignoring, maintaining, and/or creating

15  architectural barriers, policies, practices and/or procedures that have precluded plaintiff and other

16  similarly situated persons with disabilities from full and equal access to the accommodations and

17  opportunities offered by defendant to nondisabled members of the public, violate Section 51 of

18  the California Civil Code, known as the Unruh Civil Rights Act.  The Unruh Act provides:

19          (a)     This section shall be known, and may be cited, as the
            Unruh Civil Rights Act.
20
            (b)     All persons within the jurisdiction of this state are free
21          and equal, and no matter what their sex, race, color, religion,
            ancestry, national origin, ***disability***, medical condition, marital
22          status, or sexual orientation are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services
23          in all business establishments of every kind whatsoever.

24          (c)     This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is
25          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or ***disability***, medical condition, marital
26          status, or sexual orientation.

27          (d)     Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
28          modification of any sort whatsoever, beyond that construction,

1
alteration, repair, or modification that is otherwise required by
other provisions of law, to any new or existing establishment,

2

3
facility, building, improvement, or any other structure, nor shall
anything in this section be construed to augment, restrict, or alter in
any way the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect
otherwise possesses pursuant to other laws.

4

5
                              *   *   *   *

6
(f)        A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)

7
**shall also constitute a violation of this section**.

8
*See* California Civil Code Section 51 (emphasis added).

9
        62.        Defendant's acts and omissions have denied plaintiff full and equal access to

10
accommodations, advantages, facilities, privileges and services in a business establishment on the

11
basis of physical disability in violation of Cal. Civil Code Section 51.  Thus, defendant has

12
violated plaintiff's civil rights by denying him full and equal access to accommodations, services,

13
and opportunities provided to nondisabled persons who visit defendant's facility.

14
        63.        Each violation of the ADA, as stated above, which is incorporated herein as if

15
separately stated, is also a violation of the Unruh Civil Rights Act as provided by Section 51(f)

16
of the California Civil Code.  Plaintiff has been, and continues to be, denied full and equal access

17
to the public accommodations and services available to the general public at defendant's

18
business.  Thus, plaintiff seeks statutory damages pursuant to Civil Code Section 52(a) for his

19
visits to defendant's facility.  These  violations of the Unruh Act support an award of minimum

20
statutory damages of $4,000 against defendant for each actionable count of unlawful

21
discrimination experienced by plaintiff.

22
        64.        Defendant's acts  and  omissions have required plaintiff to incur legal expenses

23
and attorney's fees to enforce his civil rights under applicable Federal and California laws that

24
prohibit discrimination against persons with disabilities.  Accordingly, plaintiff seeks to recover

25
his reasonable attorney's fees, litigation expenses and legal costs, pursuant to Civil Code Section

26
52.  Because plaintiff's action also seeks to require defendant to make its facility fully accessible

27
to all disabled members of the public, plaintiff is entitled to an award of "public interest"

28
attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

## PRAYER FOR RELIEF

Plaintiff prays that this Court provide injunctive relief, award damages, attorney's fees, court costs, legal costs and litigation and related costs against defendants as follows:

**I.    Prayer for FIRST CAUSE OF ACTION for Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)**

1.    For injunctive relief, compelling defendant to make its commercial property located at 1918-1938 Oak Park Blvd., Pleasant Hill, California, 94523, and its related accommodations, facilities, and services available, fully accessible to, and usable by plaintiff and other individuals with disabilities as required by the ADA, 42 U.S.C. Section 12181, *et seq.*, and to make required modifications in policies, practices, and procedures to provide plaintiff and similarly situated persons full and equal access to the goods, services, opportunities, and accommodations that defendant offers to nondisabled members of the public.

2.    For reasonable attorney's fees, litigation expenses, expert costs, and costs of suit, if plaintiff is deemed to be the prevailing party; and

3.    For such other and further relief as the Court may deem to be just and proper.

**II.   Prayer for SECOND CAUSE OF ACTION for Denial of Full and Equal Access in Violation of California Civil Code Sections 54, 54.1 and 54.3, *et seq.***

1.    For an award of statutory damages under California Civil Code ("Cal. Civ. Code") Section 54.3 against defendant for each count of actionable discrimination that plaintiff sustained from encountering architectural barriers at defendant's business and was denied full and equal access to the goods, services, accommodations, amenities, opportunities, and experiences offered to nondisabled members of the public.

2.    For an award of attorney's fees pursuant to Cal. Civ. Code § 54.3 and California Code of Civil Procedure ("CCP") Section 1021.5, if plaintiff is the prevailing party.

3.    For an award of all court costs, litigation and related costs, expert costs, and prejudgment costs under CCP Sections 1032, 1033, 1033.5, and 1034.

4.    For such other and further relief as the Court may deem to be just and proper.

**III.    Prayer for THIRD CAUSE OF ACTION for Denial of Accessible Public Facilities in Violation of California Health & Safety Code Section 19955, *et seq.***

1.    For injunctive relief, compelling defendant to make its commercial property located at 1918-1938 Oak Park Blvd., Pleasant Hill, California, 94523, and its related accommodations, facilities, and services available, accessible to, and usable by plaintiff and other individuals with disabilities, as required by applicable California law;

2.    For an award of attorney's fees pursuant to California Code of Civil Procedure ("CCP") Section 1021.5, if plaintiff is deemed to be the prevailing party.

3.    For an award of all court costs, litigation and related costs, expert costs, and prejudgment costs under CCP Sections 1032, 1033, 1033.5, and 1034.

4.    For such other and further relief as the Court may deem to be just and proper.

**IV.    Prayer for FOURTH CAUSE OF ACTION for Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code Section 51, *et seq.***

1.    For an award of statutory damages against defendant pursuant to Cal. Civ. Code Section 52, *et seq.* for each separate occasion of discrimination that plaintiff sustained when he encountered architectural barriers at defendant's commercial property located at 1918-1938 Oak Park Blvd., Pleasant Hill, California, 94523, and was denied full and equal access to the goods, services, amenities, opportunities, experiences, and accommodations offered at the subject facility to nondisabled members of the public.

2.    For an award of attorney's fees pursuant to Cal. Civ. Code Section 52, if plaintiff is deemed to be the prevailing party.

3.    For injunctive relief pursuant to Cal. Civ. Code Section 52, compelling defendant to make its commercial property located at 1918-1938 Oak Park Blvd., Pleasant Hill, California, 94523, and its related accommodations, facilities, goods, services, privileges, advantages, opportunities, amenities, and experiences fully and equally available, accessible to, and usable by plaintiff and other persons with disabilities, as required by California law.

4.    For an award of all court costs, litigation and related costs, expert costs, and prejudgment costs under CCP Sections 1032, 1033, 1033.5, and 1034.

5.    For such other and further relief as the Court may deem to be just and proper.

Dated:  January 25, 2026

LAW OFFICE OF JASON G. GONG
*A Professional Corporation*

*/s/ Jason G. Gong*

By: _____
JASON G. GONG
Attorney for Plaintiff
BEHRUZ BONSHAHI